UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:04CR00138(JCH) |
| VS. | : | |
| NIJAJUAN HOWARD | : | MAY 15, 2008 |

MEMORANDUM IN SUPPORT OF SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. §3582(c)

**FACTS:**

The defendant, Nijajuan Howard, was sentenced on December 29, 2005 to a term of imprisonment of 66 months, followed by 3 years supervised release. The sentence represented a departure, in consideration of the Government's 5K1.1 motion, from Mr. Howard's guideline range of 120-137 months and the mandatory minimum sentence of ten years prescribed by the crime of conviction. Mr. Howard's total offense level was otherwise 25, his criminal history category was VI, and his guideline range was 110-137 months. Under the terms of the plea agreement, the Government and Mr. Howard had stipulated as follows:

> The base offense level under U.S.S.G. §2D1.1(c)(2) is 36. The defendant was a minor participant in the offense conduct, so the base offense level falls to 30 under U.S.S.G. §2D1.1(a)(3). Two levels are subtracted under U.S.S.G. §3B1.2(b), and three levels are subtracted under U.S.S.G. §3E1.1 for

> acceptance of responsibility . . . resulting in a total offense level of 25, with a criminal history category VI.

In sentencing Mr. Howard, the court was circumspect about ensuring that his sentence be commensurate with the sentences of other similarly situated co-defendants:

> . . . Another one of the factors I need to consider is in [sic] avoidance of unwarranted sentencing disparities. The guidelines are to avoid disparities which is Congress' way of attempting to keep unwarranted disparities out of the sentencing process.
>
> In addition, the court is mindful particularly in the case of other defendants who have been sentenced and to the extent humanly possible is attempting to bear in mind the sentences I have imposed to date in order not to impose a sentence that would be an unwarranted sentencing disparity as reflective [sic] between and among defendants in the case. Not an unwarranted sentencing disparity.

T. Sentencing, December 29, 2005 at 24.

For the reasons set forth below, the defendant's sentence should be reduced to account for the November 1, 2007 amendment to the crack cocaine guidelines.

**ARGUMENT:**

    I.    **THE DEFENDANT, HAVING RECEIVED A DOWNWARD DEPARTURE, SHOULD RECEIVE A PROPORTIONATE REDUCTION IN HIS SENTENCE.**

As the government has suggested, the November 1, 2007 amendment to the crack cocaine guidelines was not intended to avoid mandatory minimum sentences. That does not mean, however, that persons convicted of conspiring to sell crack cocaine are ineligible for retroactive sentence reductions. Indeed, the Government having filed a 5K1.1 motion in Mr. Howard's case, the court, in sentencing Mr. Howard, was freed from the constraint of the statutory mandatory minimum sentence. Mr. Howard, no longer subject to the mandatory minimum, was then subject to the guideline range corresponding to his adjusted offense level. Doing justice in this case, then, requires that the court reduce Mr. Howard's sentence proportionately to the sentence that it imposed. with great thought and attention given to the sentences which it had given to Mr. Howard's co-defendant's, under the old crack cocaine guidelines  The calculation would be performed as follows:

    1.    Original guidelines calculation:

        Offense level 25 = 110-137 months

    2.    Revised guidelines calculation:

        Offense level 23 = 92-115

    3.    66 months : 110 months = x months : 92 months

        x = 51 months

That Mr. Howard received adjustments pursuant to U.S.S.G.§§3E1.1(a) and 2D1.1(a)(3) should not render him ineligible for a sentence reduction based on the November 1, 2007 amendment to the crack cocaine guidelines. He was entitled to those adjustments under the terms of the plea agreement. The basis for his guideline calculation was the old crack guidelines. Those guidelines having been amended, he should receive the reduction to his sentencing range recommended by Chief United States Probation Officer Edward Scott Chinn and, accordingly, a reduction in his sentence proportionate to the sentence imposed by the court by way of departure.

                THE DEFENDANT

BY:    _____
        STEVEN D. JACOBS, ESQ.
        JACOBS, JACOBS & SHANNON, P.C.
        265 ORANGE STREET
        NEW HAVEN, CT 06510
        (203) 562-6111
        FED. BAR NO. CT00409

## **CERTIFICATION**

  I hereby certify that a copy of the foregoing was filed electronically this 15th day of May, 2008.  Notice of this filing will be sent to all parties electronically by operation of the court's electronic filing system or by mail, postage prepaid, to anyone unable to accept electronic filing.  Parties may access this filing through the court's electronic filing system.

                _____
                STEVEN D. JACOBS